UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IH2 PROPERTY WASHINGTON LP, a
Delaware Limited Partnership,

    Plaintiff,

    v.

KYUNG CHAI LEEM, an individual,
SHARON LEEM, f.k.a. HYE JIN LEEM, an
individual, and their marital community
thereof,

    Defendants.

Case No. C13-1736RSL

ORDER GRANTING PLAINTIFF IH2
PROPERTY WASHINGTON LP'S
MOTION TO REMAND TO STATE
COURT

## I. INTRODUCTION

This matter comes before the Court on plaintiff IH2 Property Washington LP's "Motion to Remand to State Court" pursuant to 28 U.S.C. § 1447(c) (Dkt. #4) and defendants Kyung Chai Leem and Sharon Leem's "Motion for Relief from Deadline Four Day Late Presentment of Opposition to Motion for Remand Pursuant to Local Rule 7(d)(2)(A)" (Dkt. #17). Plaintiff filed a Complaint for Forcible or Unlawful Detainer in King County Superior Court against defendants after purchasing the property at issue in a foreclosure sale. Motion (Dkt. #4) at 2. Defendants removed the matter asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Notice of Removal (Dkt. #1) at 2. Plaintiff moves to remand alleging that defendants' Notice of Removal was untimely and that the amount-in-controversy requirement necessary for diversity jurisdiction is not satisfied. Motion (Dkt. #4) at 5-8.

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

The Court has reviewed the parties' submissions. For the reasons discussed below, the Court GRANTS plaintiff's motion to remand to state court, and DENIES plaintiff's request for attorney's fees and costs.[1]

**II. Discussion**

**A. Background**

The property located at 37819 35th Way S Auburn, Washington 98001 was secured by a deed of trust. Id. at 2. After defendants defaulted on their loan, plaintiff purchased the property at a Trustee's Sale. Id. Defendants subsequently refused to vacate the premises when the statutory deadline expired. Id. Plaintiff then commenced this action for Unlawful Detainer in King County Superior Court seeking possession of the property and damages in the amount of fair market rent for the period of defendants' allegedly unlawful occupancy. Id. Defendants were served with the Summons and Complaint on August 25, 2013, Declaration of Carrie A. Ivy (Dkt. #5) Ex. 1, and removed the action to this Court on September 25, 2013. 28 U.S.C. § 1441 (a)-(b); Notice of Removal (Dkt. #1) at 1. Plaintiff then filed this Motion to Remand on October 2, 2013. Motion (Dkt. #4) at 9.

For the purposes of diversity jurisdiction, plaintiff is a citizen of Delaware and defendants are citizens of Washington.

**B. Timeliness of Removal**

The "notice of removal of a civil action ... shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action ... is based." 28 U.S.C. § 1446(b). "The time limit [for removal petitions] is mandatory and a timely objection to a late petition will defeat removal."

---

[1] In light of the strong interest in resolving disputes on the merits and because plaintiff was not prejudiced by defendants' untimely submission, the Court GRANTS defendants' motion for relief from deadline (Dkt. #17).

1  Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980). The Court has located "no
2  Ninth Circuit authority indicating that district courts have discretion to overlook procedural
3  defects in removal when the plaintiff has raised the defect in a timely motion to remand."
4  Catalina Corp. v. Pauma Band of Luiseno Indians, No. 10cv1404-WQH-BLM, 2010 WL
5  4024895, at *3 (S.D. Cal. Oct. 12, 2010).

Defendants were served with the Summons and Complaint on August 25, 2013. Declaration of Carrie A. Ivy (Dkt. #5) Ex. 1. Defendants then had thirty days to file a notice of removal. 28 U.S.C. § 1446(b). This deadline expired on September 24, 2013. Defendants filed the Notice of Removal on September 25, 2013, one day after the deadline had expired.[2] Notice of Removal (Dkt. #1) at 1. Plaintiff objected to defendants' untimely filing of the Notice of Removal on October 2, 2013, within the thirty days allowed by 28 U.S.C § 1447(c). Motion (Dkt. #4) at 5. As plaintiff's objection to defendants' untimely removal was within the statutorily allotted time period, this Court is constrained to observe the mandatory deadline in 28 U.S.C. § 1446(b) and therefore GRANTS plaintiff's motion to remand.

As removal was untimely, the Court will not address additional arguments set forth by the parties concerning subject matter jurisdiction.

**C. Whether Fees and Costs Should be Awarded**

A court "remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiff contends that defendants had no reasonable basis for removal, and therefore should be required to pay just costs and actual expenses, including attorney's fees. Motion (Dkt. #4) at 8.

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C]

---

[2] Defendants allege that Labor Day should not be computed in the thirty days under Fed. R. Civ. P. 6(a)(1)(C), resulting in a timely Notice of Removal as the deadline would expire on September 25, 2013. Fed. R. Civ. P. 6(a)(1)(C), however, only extends the time period when the last day of the period is a legal holiday. Fed. R. Civ. P. 6(a)(1)(C). As Labor Day fell on September 2, 2013, it was not the last day of the period and Fed. R. Civ. P. 6(a)(1)(C) does not extend the deadline in this situation.

§ 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). This standard does not turn on whether removal was improper, but on the reasonableness of removal. Id. at 137, 141. "In determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts afford significant weight to the defendant's lack of representation." Am. Homes 4 Rent Props. One, LLC v. Reyes, No. C 13-2694 SI, 2013 WL 4048984, at *3 (N.D. Cal. July 30, 2013); see also OneWest Bank, FSB v. Mohr, No. C 10-00639 SBA, 2010 WL 2721437, at *3 (N.D. Cal. July 7, 2010) (holding that "unusual circumstances" include that defendant was not represented by an attorney and filed the notice of removal without the benefit of legal counsel).

This Court finds that it was not objectively unreasonable for defendants to assume, without legal knowledge or counsel, that the amount-in-controversy for plaintiff's action was the value of the property, instead of merely damages accrued during their allegedly unlawful occupancy. As the defendants are proceeding *pro se* and were accordingly unrepresented by counsel when the Notice of Removal was filed, the Court finds that an award of attorney's fees and costs is not appropriate in this case.

### III. Conclusion

For all of the foregoing reasons, the Court GRANTS plaintiff's motion to remand to state court (Dkt. #4), DENIES plaintiff's request for attorney's fees and costs (Dkt. #4), and GRANTS defendants' motion for relief from deadline (Dkt. #17). Plaintiff's "Motion for Order Directing Defendant to Deposit Rent into Court Registry" (Dkt. #20) is DENIED as moot. The Clerk of the Court is directed to remand this case to King County Superior Court and to close this case.

1     DATED this 24th day of January, 2014.

                                                                    */s/ Robert S. Lasnik*
                                                        Robert S. Lasnik
                                                        United States District Judge